UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

Plaintiff,

v.

5:10-CV-0799
(LEK/GHL)

LISA IREDELL,

Defendant.

APPEARANCES

XIANG LI, 09450-068
Plaintiff, *pro se*
Northeast Ohio Correction Center
2240 Hubbard Road
Youngstown, OH 44505

GEORGE H. LOWE, United States Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

Presently before the Court is a *pro se* civil rights complaint and a renewed application to proceed *in forma pauperis* filed by Plaintiff Xiang Li.[1] Dkt. Nos. 1, 13. For the reasons that follow, I recommend that the complaint be dismissed with prejudice and the application be denied as moot.

## I. The Complaint

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the

[1] Plaintiff has filed numerous *pro se* actions in this District. *See Li v. Morrisville State College, et al.*, 5:07-CV-1302 (LEK-GHL) (appeal pending); *Li v. Shelhamer, et al.*, 5:10-CV-0801 (LEK-GHL) (pending); *Li v. Duncan, et al.*, 5:10-CV-0802 (LEK -GHL) (pending); *Li v. Rogers, et al.*, 5:10-CV-0803 (LEK-GHL) (pending); *Li v. Weinstock, et al.*, 5:10-CV-0804 (LEK-GHL) (pending); *Li v. The Post Standard, et al.*, 5:10-CV-0805 (LEK-GHL) (pending).

duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

By way of background, Plaintiff was arrested for threatening faculty members at Morrisville State College, and after a jury trial, was convicted of eleven counts of transmitting death threats in violation of 18 U.S.C. § 875. *See U.S.A. v. Li*, Case No. 5:07-CR-0272 (Dkt. No. 109) (sentencing Li to 114 months of imprisonment, restitution, and supervised release).

In his complaint, Plaintiff alleges that Defendant Lisa Iredell, a former neighbor, provided "slanderous and false statements" about Plaintiff to the "Morrisville State College Police." Dkt. No. 1 at 2. Plaintiff states that he is suing Defendant pursuant to 42 U.S.C. § 1983 and New York state laws regarding defamation, slander, intentional infliction of emotional distress, and prima facie tort. *Id.* For a complete statement of Plaintiff's claims, reference is made to the complaint.

Plaintiff asserts that he is suing Plaintiff pursuant to 42 U.S.C. § 1983. Dkt. No. 1 at 2. However, a plaintiff cannot hold a defendant liable under § 1983 unless he or she can establish that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e). *See*, *e.g.*, *Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted).

Here, the complaint indicates that Defendant is a private individual, who was Plaintiff's

neighbor. Plaintiff alleged no state action by Defendant. Therefore, the alleged § 1983 claim should be dismissed against Plaintiff.

Regarding the alleged claims of defamation, slander, intentional infliction of emotional distress, and prima facie tort based on New York law, I recommend that these claims also be dismissed. "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106 (GLS/DRH), 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)). When all federal claims have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *Id.* However, a court may choose to exercise jurisdiction if a state law claim raises an important question of federal policy. *Butler*, 2010 WL 3907258, at *3 (citing *Kolari*, 455 F.3d at 122-23). Here, Plaintiff has failed to establish a federal claim or an important issue of federal policy. Thus, in light of my recommendation that the Court dismiss Plaintiff's alleged § 1983 claim, I recommend that the Court decline to exercise pendant jurisdiction over Plaintiff's alleged state law claims.[2]

The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original

---

[2] I note that diversity jurisdiction also provides no basis for this action. Diversity jurisdiction requires, *inter alia*, that the matter is between "citizens of different states." *See* 28 U.S.C. § 1332. Here, Plaintiff plainly states that he and Defendant were neighbors in Eaton, New York. Dkt. No. 1 at 1. Moreover, while Plaintiff is presently incarcerated in Ohio, a prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to his incarceration. *D'Ottavio v. Depetris*, No. 91 Civ. 6133, 1991 WL 206278, at *1 (S.D.N.Y. Sept. 26, 1991) (citations omitted).

complaint.[3] Here, the flaws in Plaintiff's complaint are substantive in nature such that better pleading would not cure them. As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint. Accordingly, the Court recommends that no opportunity to amend the complaint be provided to Plaintiff.

## II. Renewed application to proceed *in forma pauperis*

Plaintiff filed a renewed application to proceed *in forma pauperis*. Dkt. No. 13. In light of the Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the renewed *in forma pauperis* application (Dkt. No. 13) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff

---

[3] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

by regular and certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: April 6, 2011
Syracuse, New York

George H. Lowe
United States Magistrate Judge