UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

                         Plaintiff,

      -against-                            5:10-CV-0799 (LEK/GHL)

LISA IREDELL,

                         Defendant.

_____

**DECISION AND ORDER**

        This matter comes before the Court following a Report-Recommendation filed on April 7, 2011, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 14). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Xiang Li ("Plaintiff"), which were filed on April 22, 2011. Objections (Dkt. No. 15).

        The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff argues in his Objections that his civil rights Complaint (Dkt. No. 1) ("Complaint"),

filed pursuant to 42 U.S.C. § 1983 ("Section 1983"), should not be dismissed because Defendant

Lisa Iredell ("Defendant"), though a private individual, was acting under color of state law when she

gave two sworn depositions to Morrisville State College police containing "slanderous and false"

statements about Plaintiff.  Dkt. No. 15 at 1.  Plaintiff further contends in his Objections that it can

be reasonably inferred from his Complaint that Defendant "acted together with or has obstained

[*sic*] significant aid from" the Morrisville State College Police, or that she "conspire[d] with [them]

to violate [Plaintiff's] civil rights."  Dkt. No. 15 at 2.

In order to establish state action under Section 1983, Plaintiff must show "a sufficiently

close nexus between the State and the challenged action of the [private] entity so that the action of

the latter may be fairly treated as that of the State itself."  Tancredi v. Metro. Life Ins. Co., 378 F.3d

220, 229 (2d Cir. 2004) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).  A

plaintiff may establish such a nexus by showing that the defendant, though a private individual,

"operated as a willful participant in joint activity with the State . . . or act[ed] together with state

officials or with significant state aid."  Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009)

(internal citations and quotation marks omitted).  In order to establish a plausible claim of joint

action between a defendant and the State, however, "a plaintiff must allege that the private entity

and state actors 'carried out a deliberate, previously agreed upon plan,' or that their conduct

'constitute[d] a conspiracy or meeting of the minds.'"  Johnson v. City of New York, 669 F. Supp.

2d 444, 450-51 (S.D.N.Y. 2009) (quoting Dahlberg, 748 F.2d at 93).

Reviewing Plaintiff's Complaint and Objections, the Court can find no plausible basis on

which to support a finding that Defendant acted or conspired with the State to deprive him of any

2

federal right.  That Defendant gave two sworn depositions to the police is insufficient to establish

state action here.  See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir.

1999).  Although Plaintiff correctly cites to Second Circuit cases holding that a private person may

be considered acting under color of state law where she has acted or conspired with state officials,

see Dkt. No. 15 at 2, none of these cases stand for the proposition that a private person has acted

under color of state law by giving information to police.  Cf. Barrett v. Harwood, 189 F.3d 297 (no

state action where police officer was involved in repossession of a truck); Singer v. Fulton Cty.

Sheriff, 63 F.3d 110 (affirming dismissal of Section 1983 claim against private parties) (2d Cir.

1995); Amer. Broad. Cos. v. Cuomo, 570 .2d 1080, 1083 (2d Cir. 1977) (declining to address

question of state action in granting temporary restraining order against television broadcasts of

primary candidates' postelection activities at respective headquarters).  By contrast, courts in this

Circuit have generally held that furnishing information to police does not in and of itself subject a

private individual to liability under Section 1983.[1]  See Scotto v. Alemenas, 143 F.3d 105, 114-15

(2d Cir. 1998) (no state action where private defendants communicated with parole officer

investigating plaintiff's parole violation); Ginsberg, 189 F.3d at 272; Dahlberg v. Becker, 748 F.2d

85, 93 (2d Cir. 1984) (allegation that private actors acted "in concert with state and county officials

---

[1] Indeed, even if Defendant's statements to police were "defamatory, slanderous and false"
as Plaintiff alleges, Dkt. No. 1 at 1, this would still be insufficient to establish state action under
Section 1983.  See Baez v. Jet Blue Airways, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010)
("[P]roviding false information to the police does not make a private individual . . . a state actor and
liable under § 1983.") (quoting Chodkowski v. City of New York, No. 06-cv-7120, 2007 WL
2717872, at *8-9 (S.D.N.Y. Sept. 11, 2007)).  While the falsity of a defendant's statements to police
about a plaintiff can sometimes give rise to an inference that defendant "invoke[d] the state's power
to intentionally violate a citizen's constitutional rights" and support a finding of state action under
Section 1983, Weintraub v. Bd. of Educ. of City of New York, 423 F. Supp. 2d 38, 57 (E.D.N.Y.
2006), Plaintiff has produced no such evidence that would support a finding of Defendant's bad
faith in giving information to police.  See Manbeck v. Micka, 640 F. Supp. 2d 351, 379-82
(S.D.N.Y. 2009).

3

to imprison plaintiff insufficient to establish state action."); <u>Kash v. Honey</u>, 38 Fed. Appx. 73, 76

(2d Cir. 2002) (no joint action with state actor where defendant swore to affidavit in accusatory

instrument against plaintiff); <u>Anilao v. Spota</u>, No. 10-CV-00032, 2011 WL 1226966, at *34

(E.D.N.Y. Mar. 31, 2011) ("[M]erely reporting suspected criminal activity to law enforcement or

other government officials is not sufficient to render a private party a 'state actor' for purposes of §

1983 liability."); <u>Zaidi v. Amerada Hess Corp.</u>, 723 F. Supp. 2d 506, 514 (E.D.N.Y. 2010) (no state

action where "facts show only that . . . Defendants did nothing more than report facts pointing

commission of a crime"); <u>Drayton v. Toys 'R' Us Inc.</u>, 645 F. Supp. 2d 149, 163 (S.D.N.Y. 2009);

<u>Torgerson v. Writsel</u>, 109 F. Supp. 2d 107, 109 (E.D.N.Y. 2000) (defendant neighbor's providing

information about plaintiff to police and meeting with prosecutorial authorities insufficient to

support finding of state action).

Beyond his allegation that Defendant made false statements about him to police, Plaintiff has

alleged no facts that give rise to an inference that Defendant collaborated with the Morrisville

College State Police "pursuant to any pre-arranged plan to 'frame' Plaintiff" for the crimes of which

he was convicted. <u>Zaidi</u>, 723 F. Supp. 2d at 514; <u>see also</u> <u>Ginsberg</u>, 189 F.3d at 272 (requiring

proof of a "plan, prearrangement, conspiracy, custom, or policy" to support a finding of state action

by a private party); <u>Fisk v. Letterman</u>, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005)

("Communications between a private and a state actor, without facts supporting a concerted effort or

plan between the parties, are insufficient to make the private party a state actor."). Plaintiff has

alleged nothing that would indicate that Defendant and the police "shared a common unlawful goal"

or "agree[d] to deprive the plaintiff of rights guaranteed by federal law." <u>Wong v. Yoo</u>, 649 F.

Supp. 2d 34, 55-56 (E.D.N.Y. 2009) (quotations omitted). The conduct that Plaintiff alleges in his

Complaint and his Objection against Defendant amounts to nothing more than a "merely conclusory

4

allegation that a private entity acted in concert with a state actor," and is insufficient to support a finding of state action on the part of Defendant.  Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002).

The Court has thus considered the Objections, has undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved for the reasons stated therein.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 58) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**ORDERED**, that no opportunity to amend the Complaint will be provided to Plaintiff; and it is further

**ORDERED**, that Plaintiff's Application to proceed *in forma pauperis* (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:      May 10, 2011
            Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge


5